IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM L. FAMBROUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-0293-DGK |
| | ) | |
| THE ENDURANCE INTERNATIONAL | ) | |
| GROUP, INC., (SITE 5), | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING APPLICATION FOR LEAVE TO FILE ACTION WITHOUT PAYMENT OF FEES, COSTS, OR SECURITY, AND DISMISSING ACTION**

Pending before the Court is *pro se* Plaintiff William Fambrough's Application for Leave to File Action Without Payment of Fees, Costs, or Security With Affidavit of Financial Status in Support (Docs. 1-2). For the reasons set forth below, the application is DENIED and this case is DISMISSED WITHOUT PREJUDICE.

The process for determining whether a plaintiff should be granted leave to proceed without payment of fees, costs, or security, consists of two steps. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). First, the court must decide whether the plaintiff "qualifies by economic status" pursuant to 28 U.S.C. § 1915(a)(1). *Id*. If the plaintiff qualifies by economic status, then the court must decide whether the action should nonetheless be dismissed because it lacks a basis in law or fact, or it seeks monetary relief against a party immune from such damages. 28 U.S.C.A. § 1915(e)(2)(B); *Martin-Trigona v. Stewart*, 691 F.2d at 857.

**Discussion**

Assuming for the sake of argument that Mr. Fambrough qualifies by economic status, the Court must determine whether this action should be dismissed because it is legally frivolous,

malicious, or demands money damages of an immune defendant. *Cf. Martin-Trigona*, 691 F.2d at 857. A complaint is frivolous under § 1915(e)(2)(B) if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a *pro se* complaint at this stage, the Court gives the complaint the benefit of every doubt, no matter how unlikely. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

In a nutshell, Mr. Fambrough's Complaint (Doc. 1-1) alleges that on August 11, 2017, he pre-paid Defendant Site 5 for website hosting and email services. After providing these services for some amount of time, it stopped providing these services and failed to remedy the problem or give him a refund, violating a guarantee advertised on its website. Because of the lack of service, he has lost income streams and has not received emails related to important events, appointments, and contacts including medical treatments. As a result, he has lost income producing opportunities, his medical insurance, and access to medical treatments. To remedy these harms, he requests "reparations of actual damages and estimated cost of repairs in the amount of $20,375.00." Compl. at 5.

The civil cover sheet accompanying the Complaint states the basis of jurisdiction is "Federal Question," and the nature of his lawsuit is "Other Civil Rights." In the "Basis for Jurisdiction" section, under a blank reserved for section 1983 claims, he wrote:

> Even though I prepaid for my services, Site 5 used my class status as the only basis to exclude me from gaining access to my website and email accounts. I receive no benefit from any of the advertised services I paid for that other customers outside of my class status possess. I should enjoy the same rights afforded any other American citizen who has paid for Site 5 services.

Compl. at 4. In the "Statement of Claim" section he adds, "I have not discovered any other customers who are having these problems, so, I must conclude, I am the only class excluded and

being discriminated against." *Id*.  The Complaint does not, however, identify what class he is a member of.

The Court must deny the motion to proceed without payment of fees, costs, or security, because the Court lacks jurisdiction (that is, legal authority) to hear this dispute.  Federal courts are courts of limited jurisdiction, and as such may only hear cases they have been authorized to hear by the Constitution or by statute.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Whenever it appears that a federal court lacks subject matter jurisdiction over a dispute, the court is obliged to dismiss the lawsuit.  Fed. R. Civ. P. 12(h)(3); *see Kokkonen*, 511 U.S. at 377.

Although Mr. Fambrough indicated on the cover sheet that this is a federal civil rights case, which involves a federal question, it is actually not a civil rights case.  The Complaint does not allege that he is a member of any protected class, a prerequisite for a civil rights claim, or that Defendant Site 5 was aware he belonged to any protected class.  Rather, the Complaint seems to be alleging that Mr. Fambrough's rights *under the contract* were violated, which is a garden variety breach of contract claim and does not involve a federal question.

Of course, a garden variety breach of contract claim can sometimes be heard in federal court if all the requirements for diversity jurisdiction are satisfied.  28 U.S.C. § 1332.  But all the requirements for diversity jurisdiction are not met here.  While the parties here are citizens of different states, the amount in dispute here, damages of $20,375, is not sufficient.  Consequently, this Court lacks subject matter jurisdiction to hear this lawsuit.

Because the Court lacks jurisdiction to hear this case, it must deny the application to proceed without payment of fees, costs, or security.  It must also dismiss this case.

Accordingly, this case is DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Date:  April 22, 2019   /s/ Greg Kays
                        GREG KAYS, JUDGE
                        UNITED STATES DISTRICT COURT